1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY WASHINGTON,

        Plaintiff,

    v.

M. S. EVANS; et al.,

        Defendants.

_____/

No. C 05-2945 SI (pr)

**ORDER OF DISMISSAL**

    Henry Washington, an inmate at Salinas Valley State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983.  In his complaint, Washington alleges that his inmate grievances and appeals have not been processed properly by prison and CDC officials.  His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**United States District Court**

For the Northern District of California

1      There is no federal constitutional right to a prison administrative appeal or grievance

2 system for California inmates. <u>See</u> <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); <u>Antonelli</u>

3 <u>v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe

4 a change in condition as to implicate the Due Process Clause itself and the State of California has

5 not created a protected interest in an administrative appeal system in its prisons. California Code

6 of Regulations, title 15 sections 1073 and 3084.1 grant prisoners in the county jails and state

7 prisons a purely procedural right: the right to have a prison appeal. The regulations simply require

8 the establishment of a procedural structure for reviewing prisoner complaints and set forth no

9 substantive standards; instead, they provide for flexible appeal time limits, <u>see</u> Cal. Code Regs.

10 tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing

11 an appeal," <u>id.</u> § 3084.1(d). A provision that merely provides procedural requirements, even if

12 mandatory, cannot form the basis of a constitutionally cognizable liberty interest. <u>See</u> <u>Smith v.</u>

13 <u>Noonan</u>, 992 F.2d 987, 989 (9th Cir. 1993); <u>see also</u> <u>Antonelli</u>, 81 F.3d at 1430 (prison grievance

14 procedure is procedural right that does not give rise to protected liberty interest requiring

15 procedural protections of Due Process Clause).

16      Washington had no federal constitutional right to a properly functioning appeal system.

17 An incorrect decision on an administrative appeal or failure to process the appeal in a particular

18 way therefore did not amount to a violation of his right to due process. The complaint fails to state

19 a claim upon which relief may be granted.

20      The complaint fails to state a claim upon which relief may be granted. Leave to amend will

21 not be granted because it would be futile. This action therefore is dismissed. The clerk shall

22 close the file.

23      IT IS SO ORDERED.

24 Dated: December 19, 2005           _____

25                             SUSAN ILLSTON

26                    United States District Judge

27

28